**4**

Ken Whittall-Scherfee [SBN 137694]
WHITTALL-SCHERFEE LAW OFFICE
3301 Watt Avenue, Suite 600
Sacramento, CA 95821

Telephone: (916) 486-0961
Facsimile:  (916) 486-0962

Attorney for Creditor,
Roger Bryenton

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| IN RE:<br><br>MARY KEEHAN,<br><br>DEBTOR | Case No.: 08-23220-C-7<br>Chapter 7<br><br>D.C. No.:   WS-01 |
| ROGER BRYENTON,<br><br>    Plaintiff,<br><br>v.<br><br>MARY KEEHAN,<br><br>    Defendant. | Adv. Proc. No.:  13-02211-C<br><br>Judge Klein, Dept. C<br><br>**No Hearing Required** |

APPLICATION AND MOTION FOR DEFAULT JUDGMENT
[Federal Rule of Bankruptcy Procedure 7055(b)(2)]

Roger Bryenton ("Plaintiff") hereby applies and moves this Court for entry of default judgment against Mary Keehan ("Defendant") in the amount $48,475 and that said amount is non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6), and represents the following:

1.    Defendant filed a voluntary Chapter 7 petition under the Bankruptcy Code on or about March 18, 2008.

2. This Court has jurisdiction of this proceeding of this proceeding pursuant to 28 U.S.C. § 1334(b) because this case arises under 11 U.S.C. § 523. This proceeding constitutes a "core proceeding" under 28 U.S.C. § 157(b)(2).

3. At the request of Defendant, Plaintiff loaned Defendant the original principle amount of $52,000. <u>See</u>, Declaration of Roger Bryenton ("Bryenton Declaration"), at paragraph 3.

4. Defendant requested the loan from Plaintiff to purchase a fifth-wheel mobile home to be used as Defendant's residence (the "Trailer"). Bryenton Declaration at paragraph 4.

5. On January 1, 2005, Defendant signed a Second Amended Promissory Note because Plaintiff had reduced the principle amount owed to $50,000 (the "Amendment"). Bryenton Declaration at paragraph 5.

6. A true and correct copy of the Amendment is filed as Exhibit "A" to the Bryenton Declaration. Bryenton Declaration at paragraph 6.

7. Pursuant to the Amendment, Defendant promised Plaintiff that if the Trailer was sold or otherwise disposed of, the full proceeds from that sale would be used toward the repayment of the Note. Bryenton Declaration at paragraph 7.

8. Plaintiff would not have agreed to the terms of the Amendment unless Defendant agreed to terms of the Agreement, including the provision regarding payment to Plaintiff of proceeds from the sale of the Trailer. Bryenton Declaration at paragraph 8.

9. After Defendant signed the Amendment, Defendant sold the Trailer and distributed the proceeds to Defendant's father and to other creditors, without Plaintiff's consent. Bryenton Declaration at paragraph 9.

10. Defendant did not notify Plaintiff that proceeds were available from the sale of the Trailer before Defendant distributed those proceeds to other persons. Bryenton Declaration at paragraph 10.

11. In 2008, Defendant was employed as a paralegal in the state of California. Bryenton Declaration at paragraph 11.

12. Between March and July of 2008, Defendant told Plaintiff on numerous occasions

that Defendant would continue making payments on the Amendment to Plaintiff. Bryenton Declaration at paragraph 12.

13. Defendant also told Plaintiff in May of 2008 that Defendant would reaffirm the debt owed to Plaintiff and that Defendant would begin making payments to Plaintiff on August 1, 2008. Bryenton Declaration at paragraph 13.

14. Defendant continued to make representations to Plaintiff that Defendant would make payments on the Amendment and those statements continued through July of 2010. Bryenton Declaration at paragraph 14.

15. The last time Plaintiff received a payment from Defendant on the Amendment was September of 2008. Bryenton Declaration at paragraph 15.

16. Plaintiff did not pursue any legal remedies against Defendant because through July of 2010 Defendant continued to make representations to Plaintiff that Defendant would make payments. Bryenton Declaration at paragraph 16.

17. As of September 1, 2013, the principle amount owed to Plaintiff by Defendant pursuant to the terms of the Amendment was $26,121 plus interest. Bryenton Declaration at paragraph 17.

18. Under the terms of the Amendment, Defendant promised to pay interest at the rate of 10 percent per annum, plus attorney's fees. Bryenton Declaration at paragraph 18.

19. Plaintiff is convinced that Defendant defrauded Plaintiff at all times after the sale of the Trailer, and that Defendant intended to defraud Plaintiff through 2010. Bryenton Declaration at paragraph 19.

20. Had Plaintiff known the true intentions of Defendant, Plaintiff would have filed an adversary proceeding against Defendant prior to July 14, 2008. Bryenton Declaration at paragraph 20.

21. Plaintiff has incurred attorney's fees in the amount of $2,430. Bryenton Declaration at paragraph 21.

22. Plaintiff has calculated a total amount of monetary damages including accrued interest to be $46,045, and Plaintiff requests that judgment be entered in that amount plus

attorney's fees. Bryenton Declaration at paragraph 22.

23. Defendant and her attorney have been served with the complaint and amended complaint in this proceeding. Declaration of Ken Whittall-Scherfee at paragraphs 2, 3, and 4.

24. No person has filed any response to the complaint or amended complaint. Declaration of Ken Whittall-Scherfee at paragraph 6.

25. On February 11, 2014, this Court entered the default against Mary Keehan. Declaration of Ken Whittall-Scherfee at paragraph 7.

26. The foregoing facts establish that Defendant committed fraud other than a statement respecting the debtor's financial condition when Defendant promised to pay Plaintiff proceeds from the sale of the trailer, and when Defendant promised to make payments of $200 per month beginning in mid-August of 2008.

27. The foregoing support a monetary judgment to be entered in the amount of $46,045 plus attorney's fees in the amount of $2,430.

28. The foregoing further support a determination that judgment is non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6).

29. For the foregoing reasons, Plaintiff requests entry of judgment in favor of Plaintiff and against Defendant in the amount of $48,475, and that the Court determine that said judgment is non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6).

Dated: March 10, 2014         WHITTALL-SCHERFEE LAW OFFICE


By: _____
Ken Whittall-Scherfee, attorney of record for
Roger Bryenton