3

Ken Whittall-Scherfee [SBN 137694]
WHITTALL-SCHERFEE LAW OFFICE
3301 Watt Avenue, Suite 600
Sacramento, CA 95821

Telephone: (916) -486-0961
Facsimile: (916) 486-0962

Attorney for Creditor,
Roger Bryenton

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| IN RE:<br><br>MARY KEEHAN,<br><br>DEBTOR | Case No.: 08-23220-C-7<br>Chapter 7<br><br>D.C. No.:   WS-01 |
| ROGER BRYENTON,<br><br>   Plaintiff,<br><br>v.<br><br>MARY KEEHAN,<br><br>   Defendant. | Adv. Proc. No.: 13-02211-C<br><br>DECLARATION OF ROGER BRYENTON IN SUPPORT OF APPLICATION FOR ENTRY OF DEFAULT JUDGMENT<br><br>**No Hearing Required** |

I, Roger Bryenton, declare:

1.   I am the plaintiff in this proceeding.

2.   I have personal knowledge of the matters stated below other than those stated to be based upon my information and belief, and I believe those to be true.

3.   At the request of Mary Keehan, I loaned Mary Keehan ("Keehan") the original principle amount of $52,000.

4.   Keehan requested the loan from me to purchase a fifth-wheel mobile home to be used as Keehan's residence (the "Trailer").

- 1 -

5. On January 1, 2005, Keehan signed a Second Amended Promissory Note because I had reduced the principle amount owed to $50,000 (the "Amendment").

6. A true and correct copy of the Amendment is attached at **Exhibit "A"** and incorporated herein by reference.

7. Pursuant to the Amendment, Keehan promised me that if the Trailer was sold or otherwise disposed of, the full proceeds from that sale would be used toward the repayment of the Note.

8. I would not have agreed to the terms of the Amendment unless Keehan agreed to terms of the Agreement, including the provision regarding payment to me of proceeds from the sale of the Trailer.

9. After she signed the Amendment, Keehan sold the Trailer and distributed the proceeds to her father and to other creditors, without my consent.

10. Keehan did not notify me that proceeds were available from the sale of the Trailer before she distributed those proceeds to other persons.

11. In 2008, Keehan was employed as a paralegal in the state of California.

12. Between March and July of 2008, Keehan told me on numerous occasions that she would continue making payments on the Amendment to me.

13. Keehan also told me in May of 2008 that she would reaffirm the debt owed to me and that she would begin making payments on August 1, 2008.

14. Keehan continued to make representations to me that she would make payments on the Amendment and those statements continued through July of 2010.

15. The last time I received a payment from Keehan on the Amendment was September of 2008.

16. I did not pursue any legal remedies against Keehan because through July of 2010 she continued to make representations to me that she would make payments.

17. As of September 1, 2013, the principle amount owed to me by Keehan pursuant to the terms of the Amendment was $26,121 plus interest.

1     18.    Under the terms of the Amendment, Keehan promised to pay interest at the rate of 10 percent per annum, plus attorney's fees.

    19.    I am convinced that Keehan defrauded me at all times after the sale of the Trailer, and that she intended to defraud me through 2010.

    20.    Had I known the true intentions of Keehan, I would have filed an adversary proceeding against Keehan prior to July 14, 2008.

    21.    I have incurred attorney's fees in the amount of $2,430.

    22.    I request that the Court award monetary damages to be in the amount of $ _46,045.00_, plus attorney's fees in the amount of $2,430, and the Court determine that all amounts owed by Keehan to me are non-dischargeable.

    23.    I request such other and further relief, as the Court deems proper.

I have personal knowledge of the foregoing matters and I am competent to testify thereto if called to do so. I declare the foregoing to be true and correct under penalty of perjury.

Dated: _Feb 20/2014_           _/s/ Roger Bryenton_
                                                        Roger Bryenton